# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| CHARLES MARK McDANIEL, and his wife, MELODY McDANIEL, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 16-cv-2895-TMP |
| UT MEDICAL GROUP, INC., | ) ) | |
| Defendant. | ) ) | |

## ORDER GRANTING PLAINTIFFS' MOTION TO EXCLUDE EVIDENCE OF INFORMED CONSENT

Before the court is plaintiffs Charles and Melody McDaniels' motion to exclude any evidence relating to informed consent, filed on January 22, 2018. (ECF No. 52.) Defendant UT Medical Group, Inc. ("UTMG") filed a response on January 29, 2018. (ECF No. 72.) On February 5, 2018, the court held a pretrial conference, at which this and other motions were argued. (ECF No. 82.) For the following reasons, the McDaniels' motion is GRANTED.

The McDaniels move for exclusion of informed consent evidence on the grounds that it is irrelevant to proving or disproving whether Dr. Behrman deviated from the pertinent standard of care when he performed the post-operative care at

issue in this case. They also argue that the evidence is overly prejudicial and may confuse the jury.

UTMG counters that this evidence is crucial to its defense that the infection Charles McDaniel developed was a known post-operative risk of the surgery Dr. Behrman performed. It further points out that the parties already agreed that all of the medical records in the case are admissible, and those records include informed consent forms. Finally, it argues the jury may be confused if it has access to only certain consent forms but not others. Instead of excluding this evidence, UTMG asks the court to instruct the jury that they may not construe the evidence of informed consent to be consent to negligence.

"Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. Courts are to exclude even relevant evidence if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury . . ." Fed. R. Evid. 403. The parties have not cited a reported federal case analyzing the relevancy of evidence of informed consent in a case where a plaintiff does not allege failure to obtain informed consent. Tennessee courts have also provided little guidance on this matter. See Bearden v. Lanford, No. M2012-02073-COA-R3CV, 2013 WL 6908938, at *28

(Tenn. Ct. App. Dec. 30, 2013) (affirming, without explanation, the trial court's admission of evidence of informed consent in a case where the plaintiff did not allege a claim based on informed consent). However, other state courts that have addressed this issue have overwhelmingly favored excluding evidence of informed consent as irrelevant and prejudicial. See Wilson v. P.B. Patel, M.D., P.C., 517 S.W.3d 520, 526 (Mo. 2017); Brady v. Urbas, 111 A.3d 1155, 1162 (Pa. 2015); Fiorucci v. Chinn, 764 S.E.2d 85, 87 (Va. 2014); Baird v. Owczarek, 93 A.3d 1222, 1232–33 (Del. 2014); Hayes v. Camel, 927 A.2d 880, 889–90 (Conn. 2007); Ehrlich v. Sorokin, 165 A.3d 812, 819–20 (N.J. Super. Ct. App. Div. 2017); Hillyer v. Midwest Gastrointestinal Assocs., P.C., 883 N.W.2d 404, 410–13 (Neb. Ct. App. 2016); Matranga v. Par. Anesthesia of Jefferson, LLC, 14-448 (La. App. 5 Cir. 5/14/15), 170 So. 3d 1077, 1093; Warren v. Imperia, 287 P.3d 1128, 1132–33 (Or. Ct. App. 2012); Schwartz v. Johnson, 49 A.3d 359, 374–75 (Md. Ct. Spec. App. 2012); Waller v. Aggarwal, 688 N.E.2d 274, 275 (Ohio Ct. App. 1996). But see Hodes v. Ireland, No. 2006-SC-000890-DG, 2009 WL 1830758, at *1 (Ky. June 25, 2009) (affirming without explanation that evidence of informed consent was relevant).

The McDaniels have not alleged that UTMG failed to obtain informed consent. Rather, they allege that Dr. Behrman breached the standard of care. In this situation,

> [k]nowledge by the trier of fact of informed consent to risk, where lack of conformed [sic] consent is not an issue, does not help the plaintiff prove negligence. Nor does it help the defendant show he was not negligent. In such a case, the admission of evidence concerning a plaintiff's consent could only serve to confuse the jury because the jury could conclude, contrary to the law and the evidence, that consent to the surgery was tantamount to consent to the injury which resulted from that surgery. In effect, the jury could conclude that consent amounted to a waiver, which is plainly wrong.

Wright v. Kaye, 593 S.E.2d 307, 317 (Va. 2004)(citing Waller, 688 N.E.2d at 275-76); see also Brady, 111 A.3d at 1163-64 ("The jury, for its part, ultimately focused its attention on what [the plaintiff] 'had agreed to' and, shortly thereafter, returned a verdict finding that [the doctor] was not negligent. There is a substantial possibility, then, that the jury's verdict rested on an improper consideration."). Here, the court finds that any evidence that Charles McDaniel knew about the risks is irrelevant and prejudicial.

There may be circumstances in which evidence of informed consent could be admissible. See Brady, 111 A.3d at 1161 (noting that evidence of informed consent "may be relevant to the question of negligence if . . . the standard of care requires that the doctor discuss certain risks with the patient"); Holley v. Pambianco, 613 S.E.2d 425, 428 (Va. 2005)(affirming the trial court's ruling that the defendant may present evidence of informed consent to support the argument

that the plaintiff failed to mitigate damages). However, those circumstances are not present in this case. Therefore, the court will exclude all evidence of informed consent, including all consent forms in the medical records.

This order does not prevent UTMG from presenting evidence of the surgical and post-operative risks. See Hayes, 927 A.2d at 890 ("[E]vidence of the risks of a surgical procedure is relevant in the determination of whether the standard of care was breached . . ."). UTMG may present this evidence "in the form of general testimony by the defendant[] or nonparty expert witnesses." Hillyer, 883 N.W.2d at 416 (citing Hayes, 927 A.2d at 890.)

For these reasons, the McDaniels' motion to exclude evidence of informed consent is GRANTED.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

February 7, 2018
Date